IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TONY LAMAR WARD JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv33 |
| TEXAS BD. OF PARDONS AND PAROLES | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Tony Lamar Ward a.k.a. Tony Lamar Ward Jackson, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on January 18, 2007. On February 8, 2007, the Court conducted a hearing on the Plaintiff's motion to proceed *in forma pauperis*, his motion for appointment of counsel and the merits of the case. The hearing on the merits of the case was held in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The Plaintiff testified that he is forty-three years old. He has a very limited income, consisting of social security disability benefits in the amount of $613 per month and food stamps in the amount of $75 per month. Out of this amount, he must pay rent in the amount of $325 per month and utilities that are approximately $160 per month. He also has monthly charges for a sex offender class that range from $80 to $100 per month. Finally, he buys food from whatever amount is left over. The Court finds that he is entitled to proceed *in forma pauperis*.

The Plaintiff's complaint is that the Parole Board lists his discharge date as May 15, 2008. He asserted that he has already discharged his sentence. He testified that he received a twenty year sentence

for aggravated assault in Smith County in either April or May, 1987. His sentence begin date was calculated from the time of his arrest in May, 1986. He was released on mandatory supervision in January, 1994. Due to a technical violation of the terms and conditions of his release, he was revoked in April, 1996. The Plaintiff testified that he should have been released on a short-way discharge on May 15, 2005. The Parole Board, however, did not release him until October 21, 2005. The Parole Board lists his discharge (sentence expiration) date as May 15, 2008. The Plaintiff argued that he should not be on parole; instead, parole records should show that he discharged his sentence on May 15, 2005.

There are several problems with the Plaintiff's case. First of all, he filed the wrong type of lawsuit. A civil rights lawsuit concerns the conditions of confinement and prison procedures, while the proper vehicle for seeking release is a petition for a writ of habeas corpus. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Plaintiff must pursue habeas corpus relief, as opposed to a civil rights complaint, in order to obtain a court order saying that he has discharged his sentence.

A second problem with the lawsuit is that the Texas Board of Pardons and Paroles is "cloaked with Eleventh Amendment immunity." *McGrew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The Plaintiff may not bring a civil rights lawsuit against the Parole Board. *Id.* Similarly, parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *Littles v. Bd. of Pardons and Paroles*, 68 F.3d 122, 123 (5th Cir. 1995). On the other hand, the Plaintiff may sue parole officers for injunctive relief. *Orellana v. Kyle*, 65 F.3d 29, 33 (5th Cir. 1995). The present civil rights lawsuit against the Texas Board of Pardons and Paroles fails to state a claim upon which relief may be granted and is frivolous. The civil rights lawsuit must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

The Plaintiff may wonder why the Court cannot simply construe his civil rights lawsuit as a petition for a writ of habeas corpus. This Court may not, however, consider a petition for a writ of habeas

corpus from him at this time. He must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). In order to exhaust properly, he must "fairly present" his claims to the state courts. *Picard v. Connor*, 404 U.S. 270 (1981). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The exhaustion requirement applies to claims concerning a discharge date. *See McGrew*, 47 F.3d at 161.

At this juncture, the Plaintiff may file an application for a writ of habeas corpus with the Smith County District Clerk on the required 11.07 form that is available from the Smith County District Clerk. He should explain why he believes that he has already discharged his sentence. The Smith County District Clerk has the duty to forward the application to the Texas Court of Criminal Appeals for a final decision. The Plaintiff may file a petition for a writ of habeas corpus in this Court after the Texas Court of Criminal Appeals issues a decision on his state application.

The Court notes, however, that it does not appear that the Plaintiff has any basis for habeas corpus relief. His twenty year sentence began in May, 1986. If he had served his entire twenty year sentence without ever being released, then he would have discharged his sentence in May, 2006. However, since he was out of custody for two years in 1994 to 1996, the Texas Board of Pardons and Paroles was permitted to add this amount of time to his discharge date of May, 2006, to extend his discharge date to May, 2008. He was not entitled to receive any credit towards his sentence for "street time." *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970). From the information provided by the Petitioner, it does not appear that he will be able to obtain an order ending his parole before the discharge date of May 15, 2008.

Finally, the Court desires to reiterate that any complaints that the Plaintiff has concerning events that occurred in Amarillo must be filed in the federal court in Amarillo. This Court does not have jurisdiction over such claims. Any request that he has regarding a need for protection at this time must be made to the Tyler Police Department. This Court may not order the Tyler Police Department to protect him. He may have a basis for a civil rights lawsuit involving Tyler police officers only if they do something to violate his civil rights, such as by using excessive force against him. It is therefore

**ORDERED** that the motion to proceed *in forma pauperis* (docket entry #2) is **GRANTED**. It is further

**ORDERED** that the civil rights complaint against the Texas Board of Pardons and Paroles is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The Plaintiff's possible habeas corpus claims arising out of this lawsuit are **DISMISSED** without prejudice. The Plaintiff is free to file an application for a writ of habeas corpus in state court concerning his discharge date. He may file a petition for a writ of habeas corpus concerning his discharge date in this Court after he has exhausted his state habeas corpus remedies, but the Petitioner is again reminded that it does not appear that there is an error in his discharge date. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **February, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE